## WELLS v. SNOW et al.

### No. 18,419; September 20, 1895.

#### 41 Pac. 858.

**Nonsuit.**—Where There is Evidence to Sustain a Material issue for plaintiff, a motion for a nonsuit is properly denied.

**Appeal.**—A Finding of Fact by the Court will not be Disturbed where there is a substantial conflict in the evidence.

**New Trial.**—Newly Discovered Evidence, Merely Cumulative in character, is not ground for a new trial.

APPEAL from Superior Court, Fresno County; J. R. Webb, Judge.

Action by B. C. Wells against W. N. Snow and another. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

G. C. Freeman and F. H. Short for appellants; George B. Graham for respondent.

SEARLS, C.—This action is brought to recover $400, for so much money alleged to have been had and received by the defendants for the use of plaintiff. Plaintiff had judgment for $350, interest, and costs, from which judgment, and from an order denying their motion for a new trial, defendants appeal. On the second day of September, 1892, W. N. Snow and Mrs. W. N. Snow, his wife, as parties of the first part, entered into a written agreement with B. C. Wells, the plaintiff and respondent herein, by the terms of which, in consideration of $13,000, they agreed to sell to said Wells a certain tract of land and certain personal property thereon situate, in Fresno county, California, payments to be made by said Wells as follows: $400 down, the receipt of which is acknowledged; $4,000 on or before January 1, 1893—possession to be given to Wells upon said payment of $4,000. The residue of the payments were to be made as follows: $2,600, January 1, 1894; $3,000, January 1, 1895, and $3,000 on January 1, 1896—with interest on all deferred payments except that of January 1, 1893, at eight per cent per annum. B. C. Wells failed to pay the sum of $4,000 on the 1st of January, 1893, and has never paid or offered to pay any portion of the purchase price of the land except said sum of $400 paid at the date of the contract.

This action is brought upon the theory that the contract was rescinded by agreement of the parties, and hence that the action will lie against defendants for money had and received by them for the use of plaintiff. The answer denied all the allegations of the complaint; set up the agreement to convey, the failure of plaintiff to make payment or to comply with the terms of the contract, and averred their willingness and readiness to comply with all the terms and conditions thereof; set up a counterclaim for $400 on account of goods, wares and merchandise sold and delivered to plaintiff by the defendants; and, by way of cross-complaint, set out the contract, averred the breach thereof by plaintiff, averred their readiness to

comply, and averred damages in the sum of $2,000, etc. The cause was tried before the court, without the intervention of a jury. At the trial the only question of any importance litigated related to the issue of the rescission of the contract; and, upon the close of plaintiff's testimony, defendants moved for a judgment of nonsuit, which was denied, and the ruling is assigned as error.

There is no claim of the failure of title, of fraud or mistake, or any other cause entitling plaintiff without the concurrence of defendants to rescind the contract. That the plaintiff was unable to make and failed to make the payment of $4,000 due in January, 1893, is admitted by all the testimony, and that the defendants were in no wise in default is equally clear. The whole case, therefore, turns upon the question as to whether or not there was an agreement or consent on the part of the defendants that the contract should be rescinded. The finding of the court is "that on the second day of January, 1893, said plaintiff and said defendants did mutually agree to abandon and rescind said contract, and all of said parties have from hence hitherto treated said contract as abandoned and rescinded; but said $400, nor any part thereof, has ever been returned or repaid to plaintiff by said defendants or any other person." There was some evidence on the part of plaintiff going to sustain the issue as to recission of the contract. The motion for a nonsuit was therefore properly denied.

The evidence, taken as a whole, upon the question of rescission, is not altogether satisfactory; but, as it involved a substantial conflict, we are not at liberty to interfere with the action of the court below by setting aside the finding.

The newly discovered evidence, as disclosed by the affidavit of L. E. Walker, is contradicted by the affidavit of the plaintiff, and, if not so contradicted, is cumulative to the testimony adduced at the trial, and hence does not call for a reversal.

The judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.